UNITED STATES v. THIRTY-SIX BOTTLES OF LONDON DRY GIN
(two cases).

(District Court, E. D. Pennsylvania.   May 15, 1913.)

Nos. 1,642, 1,644.

FOOD (§ 24*)—MISBRANDING—LIQUORS—"LONDON DRY GIN."

    In a prosecution against certain "London Dry Gin" for misbranding, in that the gin was not made in London, the jury having found on sufficient evidence that such name had reference to a distinct kind of gin, which need not necessarily be made in London, and that in using the label the maker did not intend to deceive or mislead the purchaser by representing that the gin was a foreign product, the government was not entitled to a judgment of condemnation.

    [Ed. Note.—For other cases, see Food, Cent. Dig. § 17;  Dec. Dig. § 24.*]

Action by the United States against Thirty-Six Bottles of London Dry Gin.   On motion for new trial.   Denied.

Jasper Y. Brinton, Asst. U. S. Atty., and John C. Swartley, U. S. Atty., both of Philadelphia.

John G. Johnson, of Philadelphia, for claimant.

J. B. McPHERSON, Circuit Judge.   It can hardly be doubted, I think, that the government's treatment of the claimant in this dispute leaves something to be desired.   In consequence of a difference of opinion between the Department of Agriculture and the claimant concerning the label now in question, the subject was discussed and considered, and in the end the Department announced distinctly that the objection of misbranding would not be taken.   The claimant thereupon proceeded to use the label for nine months, when the Department changed its mind without previous warning, and, without giving the claimant an opportunity to conform to its new attitude, made two separate seizures, taking the position now that the bottles *were* misbranded.   Under the circumstances, this seems rather drastic action and can hardly be commended; at all events, it leaves the government without apparent equity in its favor.

Neither, I think, is any legal support left, in view of the special findings that accompanied the general verdict.   The indispensable basis of the attack upon the label is the averment that "London Dry Gin" is a descriptive phrase, which points to the place of origin, and not to the kind of liquor.   If, however, "London Dry Gin" describes a well-known liquor, having certain characteristics that identify it wherever it may be made, the government's case is wholly without foundation, no matter under which clause of section 8 of the Food and Drugs Act (Act June 30, 1906, c. 3915, 34 Stat. 771 [U. S. Comp. St. Supp. 1911, p. 1357]) the seizure may be defended.   And this is precisely the point upon which the evidence conflicted, and is precisely the point determined by the jury in two special findings that make part

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the verdict. Two of the questions put by the court, and the answers thereto, are as follows:

"1. Is there a distinct kind of gin known as London Dry Gin?
"Answer: Yes.
"2. If there is, must this kind of gin be made in London and nowhere else?
"Answer: No."

These findings, I think, conclusively repel the charge of using a label forbidden by the act; and (if the claimant had a right to use the label) it is immaterial to consider the question raised by the government upon the subject covered by the third question and answer:

"3. In using the label in suit, did the maker of the gin intend to deceive or mislead the purchaser by representing the gin to be a foreign product?
"Answer: No."

Of course, the verdict does not, and cannot, lay down a general rule even in reference to this particular phrase. The jury necessarily acted upon a certain amount and quality of evidence, and as this might not be present in another dispute with another claimant the verdict can do no more than settle the one controversy that was in issue.

Although the instructions to the jury concerning the quality of evidence required to make out the government's case are not complained of, I may say briefly that a difference of opinion on this subject no doubt exists. A decision by the Court of Appeals in the Fourth Circuit—Grain Distilling Co. v. United States, 24 Treasury Decisions (March 13, 1913) p. 74, No. 1,837—having been called to my attention, I may cite a recent opinion in the contrary sense by the Court of Appeals in the Second Circuit—United States v. Regan, 203 Fed. 433.

The motion for a new trial in each case is refused.